*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

**Jeronimo Abad VELASQUEZ–RIVERA; Idania Marisela Rivera–Velasquez; Kenia Guadalupe Velasquez; Axel Antonio Velasquez–Rivera, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71923.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 14, 2006 *.

Filed Nov. 29, 2006.

R. Wayne Mcmillan, Esq., Pasadena, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jocelyn Lopez Wright, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT and BYBEE, Circuit Judges, and BURNS,** District Judge.

MEMORANDUM ***

Jeronimo Abad Velasquez–Rivera, Idania Marisela Velasquez–Rivera, Kenia Guadalupe Velasquez and Axel Antonio Velasquez–Rivera ("Petitioners"), siblings and natives and citizens of Honduras, petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to remand to the Immigration Judge ("IJ") to seek administrative closure of removal proceedings on the basis that they qualified—or had applications pending— for Temporary Protected Status ("TPS"). The facts and procedural posture of the case are known to the parties, and we do not repeat them here. We review for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005), and we review de novo due process challenges, *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004).

The government contends that Petitioners were not prejudiced by the IJ's failure to advise them of their eligibility for TPS because they were able to apply for, and obtain, TPS while their appeal was pending before the BIA. We reject this contention because the BIA's refusal to re-

mand, suspend, or administratively close Petitioners' case effectively put them in a position where they had to choose between TPS and voluntary departure. *See* 8 U.S.C. § 1254a(a)(5) (providing that the Attorney General shall not "require any alien, as a condition of being granted [TPS], either to relinquish nonimmigrant or other status the alien may have or to execute any waiver of other rights under this chapter"); *see also Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 827 (9th Cir.2003) (considering loss of voluntary departure as a form of prejudice). Under these circumstances, the BIA's denial of Petitioners' motion for remand was an abuse of discretion.

**PETITION FOR REVIEW GRANTED; REMANDED.**

*This case was not selected for publication in the Federal Reporter*
*NOT FOR PUBLICATION*

---

** The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.